# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

EUNICE ALLEN,

        Plaintiff,

    v.

ALLSTATE NEW JERSEY PROPERTY & CASUALTY INS. CO., et al.,

        Defendants.

Civil No. 25-15348 (RMB-EAP)

**OPINION**

**RENÉE MARIE BUMB, Chief United States District Judge**

**THIS MATTER** comes before the Court upon the filing of a Complaint, [Docket No. 1 ("Compl.")], and application to proceed *in forma pauperis* ("IFP") by *pro se* Plaintiff Eunice Allen. [Docket No. 1-2 ("Pl. IFP").] Ms. Allen's IFP application establishes her financial eligibility to proceed without prepayment of the filing fee and will be granted.

## I.    SCREENING FOR DISMISSAL

When a person files a complaint and is granted IFP status, 28 U.S.C. § 1915(e)(2)(B) requires courts to review the complaint and dismiss claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. Courts, however, must liberally construe pleadings that are filed *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The legal standard for dismissing a complaint for failure to state a

claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), is the same as that for dismissal under Federal Rule of Civil Procedure 12(b)(6). *See Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 556.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Ms. Allen brings this case against Allstate New Jersey Property Casualty Insurance Company, Francis X. Ryan, Esq., Kevin W. Fay, Esq., and Kenneth D. Ross (collectively "Defendants") pursuant to 42 U.S.C. § 1983. She alleges that Defendants failed to protect her interests while mentally incapacitated, depriving her of Due Process under the Fourteenth Amendment. [Compl. at 3-4.] She also makes reference to N.J.S.A. § 2A:14-1 and § 2A:14-2(a), but she does not allege any factual allegations in support. [*Id.* at 3.] She also checked the box on the form indicating she was bringing a *Bivens* claim against federal officials but does not name any. [*Id.* at 3.] Ms. Allen properly filed her IFP application with her Complaint. [Pl. IFP.]

## III.    ANALYSIS

### A.    Plaintiff's Section 1983 Claim

Section 1983 imposes liability on individuals who deprive a person of a federal constitutional or statutory right "under color of any statute, ordinance, regulation,

2

custom, or usage" of a state. 42 U.S.C. § 1983. Section 1983's "under color of law"

requirement is the "equivalent of state action." *Leshko v. Servis*, 423 F.3d 337, 339 (3d

Cir. 2005); *see also Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) ("The ultimate issue

in determining whether a person is subject to suit under § 1983 is the same question

posed in cases arising under the Fourteenth Amendment: is the alleged infringement

of federal rights 'fairly attributable to the State?'" (quoting *Lugar v. Edmondson Oil Co.*,

457 U.S. 922, 937 (1982))). Thus, to avoid dismissal of her Section 1983 claim, Ms.

Allen must plead enough facts to show that she suffered a deprivation of a federal

constitutional or statutory right by a state actor. *Leshko*, 423 F.3d at 339. To determine

if state action exists, Third Circuit courts apply three tests:

> (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.

*Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (alteration in original) (citation and

internal quotation marks omitted).

Ms. Allen's Complaint passes none of those tests. Even under the liberal reading

this Court gives to her Complaint, there is nothing in the pleading from which the

Court could infer that any Defendant qualifies as a state actor. [Compl. at 4.] Rather,

Ms. Allen describes only private conduct by a private insurer and private attorneys.

[*Id.*] Therefore, the Court dismisses Ms. Allen's Section 1983 claim without prejudice.

3

**B.      Plaintiff's Purported Claims Under N.J.S.A. §§ 2A:14-1, 2A:14-2(a)**

Even though not explicitly pleaded, Ms. Allen states her Section 1983 claim "is connected to this issue, since under [N.J.S.A. § 2A:14-1 and § 2A:14-2(a)] (Breach Of Contract under Personal Injury)." [Compl. at 3.] As the Court is obliged to construe *pro se* litigant's pleadings liberally, the Court reviews these claims as well. *See Erickson*, 551 U.S. at 94.

N.J.S.A. § 2A:14-1 simply establishes the statute of limitations to bring a contractual claim as being "six years . . . after the cause of any such action shall have accrued." N.J.S.A. § 2A:14-2(a) provides, in relevant part, that "[e]xcept as otherwise provided by law, every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within two years next after the cause of any such action shall have accrued."

As both provisions are statutes of limitations, they do not provide Ms. Allen with a private cause of action but rather govern the timeliness of her alluded to breach of contract claim. Moreover, Ms. Allen has not produced or alleged the existence of a contract, nor has she identified which Defendant allegedly breached it.

Although entitled to liberal interpretation, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996)). "Even a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Grohs v. Yatauro*, 984 F. Supp. 2d 273,

4

282 (D.N.J. 2013) (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981)). Thus, the Court dismisses Ms. Allen's claims under N.J.S.A. § 2A:14-1, and § 2A:14-2(a) as well.

## IV.    CONCLUSION

For the reasons stated above, the Court will **GRANT** Ms. Allen's IFP application and **DISMISS** her Complaint **WITHOUT PREJUDICE**. An appropriate Order follows.


**February 9, 2026**                                        **s/Renée Marie Bumb**
Date                                                        RENÉE MARIE BUMB
                                                           Chief United States District Judge

5